Midwood Sanatorium, Respondent, v. Fireman's Fund Insurance Company of San Francisco, Sued Herein as Fireman's Fund Insurance Company, Appellant, Impleaded with Fanny H. Greene and Grace H. Adams, Defendants.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. On the facts presented plaintiff failed to make out a cause of action. 1. As to the claim of total loss: (a) The entire loss was not caused by the fire; assuming under the policy the insurer is liable for a total loss where, due to a partial loss, a rebuilding is not permitted under the Building Code, the proof shows that plaintiff was directed by the superintendent of buildings not to use the premises as a sanatorium, not because of the partial loss by fire, but because there were not adequate exits, a condition which had existed for years and which was disclosed by an inspection

brought about by the fact that there had been a fire. (b) The plaintiff failed to prove that, in the judgment of the then superintendent of buildings, it could not rebuild in view of the provisions of sections 93 and 161 of the Building Code, or of section 5, subdivision 4, thereof, if the latter be applicable.* The testimony of the acting superintendent of buildings, who was not in office at the time of the fire, was based, not on fact, but on conjecture, surmise and speculation. 2. As to partial loss: It may be that there were facts upon which a jury might determine that there was a waiver of the appraisal condition of the policy because defendant knew, according to plaintiff's proof, about June 18, 1928, that plaintiff intended to claim a total loss, and nothing was suggested by defendant as to appraisal until its letter of July 20, 1928, Exhibit M. This period might be deemed a more than reasonable time in which to demand an appraisal. The policy provided that defendant had the option to repair or replace within thirty days on the filing with it of proof of loss. There is nothing to indicate that defendant was the cause of plaintiff's not filing its proof of loss before August 2, 1928. Plaintiff knew, on or about June 18, 1928, that negotiations for adjustment had broken off, and yet it did not file its proof of loss until August second. In the meantime, on July 25, 1928, it had made a contract for the demolishment of the building, and on or about July twenty-seventh it commenced to demolish the building, although by letter dated July 20, 1928, defendant had requested it not to do so. On August 2, 1928, when plaintiff filed its proof of loss, the demolishment of the building was considerably under way, and by August 6, 1928, it was useless for defendant to assert its right to repair. But four of the allowed thirty days had gone by. Under these circumstances it must be held as a matter of law that defendant had not waived the provision giving it the right to repair. The negotiations for settlement may not be deemed to create such waiver. Plaintiff having failed to honor this right of defendant, it may not recover for a partial loss. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Carswell, J., not voting.

* See Code of Ordinances of City of New York, chap. 5, §§ 93, 161; Id. chap. 5, § 5, subd. 4.— [REP.